**Josephine DUCHESNE, Administratrix of Paulina Perez, et al., Plaintiffs,**

v.

**Jule M. SUGARMAN, Individually and as Commissioner of New York City's Human Resources Administration, and The New York Foundling Hospital and St. Joseph's Home of Peekskill, Defendants.**

**No. 72 Civ. 3447 (CMM).**

United States District Court,
S. D. New York.

Oct. 24, 1978.

314

Lisa H. Blitman, Thomas H. Baer, New York City, for plaintiffs.

Allen G. Schwartz, Corp. Counsel, New York City, for defendant Jule M. Sugarman; Bruce Evan Stahl, Asst. Corp. Counsel, New York City, of counsel.

Bodell & Magovern, New York City, for defendants The New York Foundling Hospital and St. Joseph's Home of Peekskill; Frederick J. Magovern, New York City, of counsel.

METZNER, District Judge:

This is a civil rights action (42 U.S.C. § 1983) seeking damages against four individual defendants and two child-caring institutions. Plaintiff Josephine Duchesne, suing as the personal representative of her deceased daughter, Paulina Perez, moves pursuant to Rules 19, 20 and 21 of the Federal Rules of Civil Procedure for an order directing that the complaint be amended to include the City of New York and the New York City Bureau of Child Welfare as defendants.

■ The events which gave rise to decedent's claims occurred between 1969 and 1972. Those claims are seemingly time barred for the purposes of joining new parties under the three-year New York statute of limitations (NYCPLR § 214(2) (McKinney 1972)) applicable to this action. *Cates v. Transworld Airlines, Inc.*, 561 F.2d 1064, 1067, n. 4 (2d Cir. 1977).

Plaintiff argues that she should not be barred from joining these new defendants because she was unable to sue them until June of this year when the Supreme Court in *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), overruled *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). She cites *United States v. One 1961 Red Chevrolet Impala Sedan,* 457 F.2d 1353 (5th Cir. 1972), for the proposition that a cause of action does not accrue if a plaintiff "had no reasonable probability of successfully prosecuting his claim against the government prior to the enunciation of the new . . . rule." 457 F.2d at 1358.

That case involved an attempt in 1972 to recover items seized by the government in 1963 by forfeiture. In 1971 the Supreme Court had ruled such forfeitures illegal. *United States v. United States Coin & Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434. The Circuit Court overruled the government's argument that, nine years having passed, the six-year statute of limitations had run.

This court is not persuaded by the logic of the *Red Chevrolet* case. The plaintiff here would have us toll the statute of limitations from 1961, when *Monroe* was decided, until June 6, 1978, when the Supreme Court reversed *Monroe* in *Monell.* It is inconceivable that a byproduct of *Monell* would be to open the courts to claims for damages based on actions taken by municipalities in the intervening years.

■ The answer to plaintiff's contention is found in *Versluis v. Town of Haskell, Okl.,* 154 F.2d 935 (10th Cir. 1946). In that case the court said at 943:

"The application of the statute of limitations cannot be made to depend upon the constantly shifting state of the law, and a suitor cannot toll or suspend the running of the statutes by relying upon the uncertainties of controlling law. It is incumbent upon him to test his right and remedy in the available forums. These suits were not commenced until through

the labor of others the way was made clear."

Plaintiff does not face up to the inconsistency of her position. If her contention as to *Monell* is correct, then the cause of action did not accrue until June 6, 1978. However, her daughter died in 1975.

The survival of a section 1983 cause of action after the death of the original plaintiff is determined by state survivorship laws, *Brooks v. Flagg Bros. Inc.*, 533 F.2d 764, 768, n. 7 (2d Cir. 1977). Under the New York Estates, Powers and Trusts Law § 11–3.2(b) (McKinney 1967), "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action *existed*." (Emphasis added.)

At the time of the death of Mrs. Perez in 1975, she did not have a cause of action against the parties sought to be added by this motion. Consequently, her representative does not have a claim against these defendants today.

Motion denied.

So ordered.