661 F.2d 116
 Jack D. McCONNELL, Plaintiff-Appellant,
v.
Edward B. CRITCHLOW; the County of Benton, Washington; and
the State of Washington, Karl C. Diettrich and Wanda
Diettrich, formerly d/b/a Diettrich's Market, Richland,
Washington; the City of Richland, Washington; Det. Sgt. R.
G. Waldner, Kennewick Police Department; Defendants-Appellees.
 Nos. 80-3165 to 80-3167.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 11, 1981.
Decided Nov. 9, 1981.
 
 Nick Chaivoe, Portland, Or., for plaintiff-appellant.
 Earl R. McGimpsey, Olympia, Wash., argued for defendants-appellees; George A. Critchlow, Spokane, Wash., on brief.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before SNEED and BOOCHEVER, Circuit Judges, and HOFFMAN,* District Judge.
 BOOCHEVER, Circuit Judge:
 
 
 1
 McConnell appeals from the dismissal of his civil rights actions against individuals, local government bodies, and the State of Washington. His claims are based on allegations of false arrests which occurred 4 to 15 years prior to filing the complaints. McConnell contends that the statute did not run against the governmental defendants until a remedy was offered by the 1978 United States Supreme Court decision in Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). McConnell made no argument on appeal as to why the limitations period had not run as to the individual defendants, and they now seek sanctions against McConnell and his attorney for a frivolous appeal. We affirm all of the dismissals and award attorneys fees to Waldner and to Karl and Wanda Diettrich against McConnell and his attorney on appeal.
 
 Facts
 
 2
 Appellant McConnell filed in pro se three actions in November, 1979 alleging that he was falsely arrested and jailed in 1964 and 1975 and that he was fraudulently induced by his then attorney, Edward Critchlow, to plead guilty to a 1965 information. He also claims that he is owed back wages by Critchlow.
 
 
 3
 The district court treated the complaints as alleging violations of 42 U.S.C. § 1983 and dismissed the actions for, among other reasons, the running of the statute of limitations. The dismissal of the actions against the State of Washington was also based on the Eleventh Amendment.
 
 
 4
 McConnell's attorney argued on appeal that the statute of limitations did not begin to run as to the City of Richland and the State of Washington until 1978 and that Washington had waived its Eleventh Amendment rights. No arguments were presented as to why the dismissals in favor of the other defendants were improper. Waldner, Critchlow and the Diettrichs requested costs and/or attorneys fees against McConnell and his counsel for bringing a frivolous appeal.
 
 I. Eleventh Amendment
 
 5
 Under the Eleventh Amendment, states that have not consented to suit are immune from § 1983 suits in federal court. Quern v. Jordan, 440 U.S. 332, 338, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Washington's waiver of immunity in its own courts does not waive its immunity in the federal courts. Skokomish Indian Tribe v. France, 269 F.2d 555, 561 (9th Cir. 1959).[1]
 
 II. Limitations as to the City of Richland
 
 6
 We reject McConnell's argument that his cause of action against the City of Richland was not time barred because it did not accrue until the right to suit was created by the Supreme Court's 1978 reinterpretation of Section 1983 in Monell, supra. A decision recognizing a cause of action after the period has run does not retroactively interrupt the running of the limitations period. Duchesne v. Sugarman, 459 F.Supp. 313 (S.D.N.Y.1978) (rejecting delayed accrual arising from Monell). See generally, Versluis v. Town of Haskell, Okl., 154 F.2d 935 (10th Cir. 1946) (diversity); Zorgias v. S.S. Hellenic Star, 370 F.Supp. 591 (E.D.La.1972); Stephens v. Stephens, 85 Wash.2d 290, 534 P.2d 571 (1975) (judicial elimination of interspousal tort immunity; cause of action accrued at injury not at time of change in law). Such delayed accrual could result in an outpouring of stale, difficult to defend claims, contrary to the policy underlying limitations statutes. As the district court said in Duchesne: "It is inconceivable that a byproduct of Monell would be to open the courts to claims for damages based on actions taken by municipalities in the intervening years." 459 F.Supp. at 314.
 
 III. Sanctions for a Frivolous Appeal
 
 7
 The Diettrichs seek an award of appellate costs, and Waldner requests damages, attorneys fees, and costs of appeal against McConnell and his attorney. This court has discretion to award damages and single or double costs as a sanction against bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912. This may include attorneys fees. Wood v. McEwen, 644 F.2d 797 (9th Cir. 1981). An appeal is considered frivolous in this circuit when the result is obvious, Jaegar v. Canadian Bank of Commerce, 327 F.2d 743 (9th Cir. 1964), or the appellant's arguments of error are wholly without merit. Libby, McNeill and Libby v. City National Bank, 592 F.2d 504, 515 (9th Cir. 1978).
 
 
 8
 Although the result as to the governmental parties in this appeal was not obvious at the outset, the appeal was frivolous as to the individual defendants. The claims against them were clearly barred by limitations, and McConnell and his attorney presented no argument attacking those dismissals. Because the policy of Fed.R.App.P. 38 is to deter appeal as a "knee jerk reaction to every unfavorable ruling," Libby, McNeill, 592 F.2d at 515, it is appropriate to award attorneys fees where the appeal is frivolous as to certain appellees. All three of the individual appellees filed briefs on appeal, and Waldner and the Diettrichs were represented by counsel at oral argument.[2] We award attorneys fees of $500 each to the Diettrichs, jointly, and to Waldner.
 
 
 9
 We make these awards jointly and severally against McConnell and his attorney Chaivoe. 28 U.S.C. § 1927 authorizes an award of fees and excess costs against counsel who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (as amended in 1980 to expressly include attorneys fees). Attorney Chaivoe failed to exclude from the appeal the judgments favoring the individual defendants although there was no basis for appeal.[3] The absence of any argument for reversal in the briefs indicates that Chaivoe knew this part of the appeal was frivolous. See Good Hope Refineries, Inc. v. R.D. Brashear, 588 F.2d 846, 848 (1st Cir. 1978) (appeal was obvious delaying tactic).
 
 
 10
 At oral argument, Chaivoe was given an opportunity to state any reasons why sanctions should not be imposed against him individually, as well as against McConnell. The only reason he gave was that his client had requested him to pursue the appeals. Pursuit of a meritless claim is not justified by the client's desire to do so. Washington attorneys are held to the standards of the American Bar Association Code of Professional Responsibility. Rules of General Application, Wash.Rev.Code DRA 1.1(i) Vol. O (1979). In Re Schroeter, 80 Wash.2d 1, 489 P.2d 917, 918 (1971). The Code provides in Disciplinary Rule 2-109(A)(2) that "(a) lawyer shall not accept employment on behalf of a person if he knows or it is obvious that such person wishes to .... (2) present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by good faith argument for an extension, modification, or reversal of existing law." Disciplinary Rule 7-102(A)(2) requires that an attorney not knowingly advance an unwarranted claim or defense.
 
 
 11
 No argument was advanced for reversal of the judgments favoring the individual defendants, and the only reason for keeping them in the appeal was the client's desire to include them. A lawyer may continue to represent a client only "so long as he does not thereby knowingly assist the client ... to take a frivolous legal position." Wash.Rev.Code EC 7-5 Vol. O, 27 (1979). Chaivoe's conduct was not compelled by his obligations to his client, and he is now jointly and severally liable with his client McConnell for pursuing an unjustified appeal.
 
 Conclusion
 
 12
 The dismissals below are affirmed. The State of Washington has not waived its Eleventh Amendment immunity to suit in the federal courts and the statute of limitations has run against the other claims. Attorneys fees of $500 are awarded to Waldner and $500 to the Diettrichs.
 
 
 
 *
 Honorable Walter E. Hoffman, Senior District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Washington statutory provisions for settlement and payment of § 1983 claims do not change this interpretation. Prior to 1975, these statutes dealt only with tort claims against the state. See Revised Code of Washington 4.92.140, 4.92.150 (1962). They were amended in 1975 to refer to tort or § 1981 et seq. claims against the state or its employees. Wash.Rev.Code §§ 4.92.140, 4.92.150 (West Supp. 1981). The addition of authority to settle and pay civil rights claims against the state and its employees need not indicate waiver of the state's own immunity from being sued in federal court. See Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974) (implied waiver will be found only where statutes cannot be reasonably explained otherwise)
 
 
 [2]
 Prior to commencing oral argument McConnell moved the dismissal of the appeal as to Critchlow, now deceased. That motion has been granted. There was no appearance at oral argument on Critchlow's behalf
 
 
 [3]
 At oral argument Waldner's counsel stated that he wrote to McConnell's attorney demanding dismissal of the appeal. Apparently because his client wished to proceed, counsel, nevertheless, continued with the appeal