694 F.2d 190
 GENERAL BREWING COMPANY, a California corporation, Plaintiff-Appellant,
v.
LAW FIRMS OF GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON &
O'HEARN, and Blair, Schaefer, Hutchison, Wynne,
Potter, Horton & Johnson, Former Counsel
for Plaintiff, Intervening-Appellees,
and
Olympia Brewing Company, Defendant.
 No. 81-3500.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 7, 1982.
Decided Dec. 7, 1982.
 
 Theodore F. Schwartz, Clayton, Mo., for plaintiff-appellant.
 Albert Malanca, Tacoma, Wash., for intervening-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before WRIGHT, HUG, and SCHROEDER, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 This is an appeal from a judgment of $117,100 in favor of attorneys Albert Malanca and Robert Schaefer and their law firms. The attorneys had represented General Brewing Company ("General") between 1977 and 1980 in four separate antitrust actions in the district court for the Western District of Washington. The judgment awarded attorneys' fees for that representation.
 
 
 2
 Over the course of two and one-half years, attorneys Malanca and Schaefer, their assistants and staff persons, had rendered valuable services and incurred substantial costs. During the last year of representation, the client and its chairman, Paul Kalmanovitz, became uncooperative and uncommunicative. In June, 1980 Malanca and Schaefer sought leave of court to withdraw and to recover their fees. They alleged good cause, and supported their claim with affidavits. General filed no opposition. The parties entered into a stipulation for withdrawal and for substitution of counsel. The stipulation provided in part:
 
 
 3
 This stipulation does not constitute a waiver or relinquishment by any of the parties hereto of any interest, claim or right they would otherwise have as to attorneys' fees or costs in this litigation.
 
 
 4
 Based on this stipulation, and on his own knowledge of the case, the district judge entered an order approving the withdrawal "based upon good cause shown." Action on the fee request was deferred. General filed no objections to the district court order or its "good cause" language.
 
 
 5
 Each of the principal actions was settled, and in April, 1981, Malanca and Schaefer renewed their motion for fees. At the hearing on the fees, General attempted to contest the withdrawal, contending that because it was not for good cause, the attorneys were not entitled to fees. General made an offer of testimony by its president, Jack Miller. Because the proffered testimony dealt exclusively with the cause issue, the district court excluded it. The attorneys supplied detailed affidavits to the court and General that showed what work had been done and the time expended. The court then reviewed in camera details of the settlement agreements and the attorneys' specifications of the fee requests. The court concluded the value of Malanca and Schaefer's professional services was $117,100.
 
 
 6
 General now contends it was denied a hearing, and challenges the manner in which the fees were determined. These contentions are frivolous. It is clear that the proceedings prior to the fee hearing had finally determined the cause issue. The stipulation preserved the attorneys' fee claim, implicitly conceding that the withdrawal was for cause. The court's order plainly stated that good cause had been shown. The judge, who was thoroughly familiar with the case and the parties, clearly intended the order to dispose of the cause issue, which was within his discretion. See United States v. Dinitz, 538 F.2d 1214, 1222 (5th Cir.1976), cert. denied, 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977). He advised the parties that he would only allow withdrawal for cause:
 
 
 7
 In a civil case we don't withdraw unless I find that there is just cause for it or good cause for it. You just don't get out. It doesn't make any difference whether you get paid or not, unless you can convince me that you should get out for some reason.
 
 
 8
 General failed to offer any evidence on any other issue, and the court properly excluded its untimely evidence on cause. An affidavit by Kalmanovitz had been received in the proceedings. The offer of proof of Miller's testimony was cumulative of matters already in evidence, and thus was properly excluded. See Nelson v. Brunswick, 503 F.2d 376, 380 (9th Cir.1974).
 
 
 9
 General's claim that it was denied the right to interrogate Malanca and Schaefer is equally frivolous. Both attorneys were present at the hearing. Both stated that although they had submitted all their evidence in affidavits, they would testify in response to General's questions. General called neither attorney.
 
 
 10
 Finally, General attempts to challenge the "unorthodox" procedure by which the district court determined the fees. The contested procedure was employed solely to accommodate General. The settlement agreements in the principal actions were confidential, and General requested that they not be divulged in open court. To preserve confidentiality, the district court reviewed the settlement materials, as well as the attorneys' specifications of their fee requests, in camera. The affidavits concerning fees were made available to General, which filed no opposition to them. In making this claim on appeal, General has deceptively distorted the district court record.
 
 
 11
 The district court's order awarding attorneys' fees indicates that the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) were considered and applied. The fees were reasonable, as was the procedure employed. We affirm the judgment for fees.
 
 
 12
 Malanca and Schaefer have requested that damages and costs be awarded against General for its abuse of the appellate process. Rule 38 of the Federal Rules of Appellate Procedure provides:
 
 
 13
 If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.
 
 
 14
 This court has discretion to award damages, including attorneys' fees, and single or double costs as a sanction against bringing a frivolous appeal. McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981).
 
 
 15
 It is apparent from our review of the record in this case that General conceded prior to the fee hearing the issue of whether the attorneys had withdrawn for good cause. It did not contest before the district court, nor has it contested on appeal, the reasonableness of the fees. It is our judgment that this appeal is frivolous, and an award of damages and costs occasioned by Malanca and Schaefer in defending this appeal is in order. In open court it was agreed that Malanca and Schaefer might submit to this court time records and other data bearing upon the fees earned in this appeal. They will have 14 days from the date of entry of this opinion within which to supply that information. We shall then award double costs and damages in the amount of a reasonable attorneys' fee for the defense of this appeal. The amount of the award shall be established by a supplemental order.
 
 
 16
 AFFIRMED.