981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josefina CABRALES, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES, et al., Defendant-Appellee.
 No. 91-56155.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1992.
Decided Dec. 16, 1992.
As Amended Jan. 25, 1993.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Josefina Cabrales appeals the district court's denial of her request for enhancement of attorneys' fees awarded to her pursuant to 42 U.S.C. § 1988. We affirm.
 
 
 3
 * The Supreme Court recently held in City of Burlington v. Dague, 112 S.Ct. 2638 (1992), that the typical federal fee-shifting statutes, including 42 U.S.C. § 1988, do not allow for upward adjustments to a lodestar fee on the basis that the prevailing party's counsel incurred the risk of nonpayment. The district court thus properly denied Cabrales' request for a fee enhancement.
 
 II
 
 4
 Appellee County of Los Angeles requests attorneys' fees under 42 U.S.C. § 1988 and Fed.R.App.P. 38 for having to oppose this appeal. Rule 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous when the result is obvious or the appellant's arguments of error are wholly without merit. McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981) (citing Jaeger v. Canadian Bank of Commerce, 327 F.2d 743 (9th Cir.1964), and Libby, McNeill and Libby v. City Nat'l Bank, 592 F.2d 504, 515 (9th Cir.1978)).
 
 
 5
 Cabrales' appeal was not frivolous. First, the Supreme Court had not yet decided Dague when Cabrales filed her appeal, and thus the Court's decision in Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 483 U.S. 711 (1987), still controlled the issue. Furthermore, although Cabrales had twice previously failed to appeal district court denials of enhancement requests, she had not yet had the opportunity to appeal the denial of the request for enhancement of the fees incurred in opposing the first certiorari petition, as well as the fees incurred in securing those fees. Cabrales provided the district court with evidence of the circumstances required by Delaware Valley to justify enhancement of those fees. Thus, her arguments of error are not wholly without merit, and the result of the appeal would not have been obvious under the law of the case doctrine, because the doctrine "expresses only the practice of courts generally to refuse to reopen questions formerly decided, and is not a limitation of their power." United States v. Maybusher, 735 F.2d 366, 370 (9th Cir. 1984), cert. denied, 469 U.S. 1110 (1985).
 
 
 6
 Consequently, we deny the County's request for attorney's fees.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3