26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re David W. RUNYON; Judith Ann Runyon, Debtors.
R.C. ACKERMAN, Appellant,
v.
David W. RUNYON; Judith Ann Runyon, Appellees.
 No. 92-16909.
 United States Court of Appeals, Ninth Circuit.+
 Submitted March 15, 1994.*
Decided June 14, 1994.
 
 1
 Before: D.W. NELSON and BEEZER, Circuit Judges, and LETTS,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ackerman appeals the Bankruptcy Appellate Panel's affirmance of a bankruptcy court's order awarding the Runyons $15,000 in attorney's fees and $10,000 in punitive damages for Ackerman's "bad faith" filing of an involuntary petition within the meaning of 11 U.S.C. Sec. 303(i). Ackerman challenges the punitive damages award, arguing that the bankruptcy court erred in finding that he filed in "bad faith." He also challenges the award of attorney's fees, contending that the bankruptcy court abused its discretion by holding him solely responsible for all of the fees, including those incurred after he withdrew from the involuntary bankruptcy action. The Runyons seek the imposition of sanctions for a frivolous appeal. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). We affirm.
 
 
 4
 * Ackerman challenges the bankruptcy court's award of punitive damages, contending that the court erred in finding that he filed the petition against the Runyons in "bad faith" within the meaning of Sec. 303(i). Specifically, Ackerman argues that the record does not support the predicate findings that he knew or had reason to know that he was an ineligible creditor, that he failed to disclose the disputed nature of his debt to his co-petitioners and that he wrongfully induced petitioner Garaway to participate by misrepresenting material facts. He concludes that absent these challenged findings, the remaining facts cannot sustain the bankruptcy court's ultimate finding of "bad faith."
 
 
 5
 We review de novo decisions of the Bankruptcy Appellate Panel. In re Dewalt, 961 F.2d 848, 850 (9th Cir.1992). We review de novo the bankruptcy court's conclusions of law and its findings of fact for clear error. Id. We review the finding that an involuntary petition was filed in "bad faith" for clear error. See In re Wavelength, 61 B.R. 614, 620 (9th Cir. BAP 1986).
 
 
 6
 Ackerman's argument is without merit. Even absent many, if not most, of the challenged findings, the record amply supports the bankruptcy court's ultimate finding of "bad faith." Ackerman filed an involuntary petition only one month after the state court granted the Runyons a continuance in a pending collection action seeking payment for the identical debt Ackerman relied on to support his standing in the involuntary action. The Runyons had filed a general denial to Ackerman's complaint, and trial was already set when Ackerman filed. At a minimum, Ackerman reasonably should have known that he would be required to demonstrate that the debt was not subject to a "bona fide dispute" or face dismissal. See In re Rubin, 769 F.2d 611, 615 (9th Cir.1985) (burden on petitioner to prove that a claim is not subject to a "bona fide dispute"); cf. In re Nordbrock, 772 F.2d 397, 399 (8th Cir.1985).[1] Despite this requirement, Ackerman supported his standing by claiming an unliquidated and contested debt of $356,000 rather than the $37,000 that Runyon had previously admitted he owed. This factor, considered in tandem with the fact that the unliquidated sum Runyon admitted owing was far smaller than the funds already subject to Ackerman's writ of attachment, provides ample support for the bankruptcy court's inference that Ackerman filed the petition with an eye towards harassing the Runyons or for gaining an advantage in the settlement of the collection action. See In re Johnston Hawks, Ltd., 72 B.R. 361, 366 (Bkrtcy.D.Haw.1987). There was ample record support for the position that Ackerman's participation in the filing was merely another battle in his personal war with the Runyons. See In re Willow Lake Partners II, L.P., 156 B.R. 638, 644-45 (W.D.Mo.1993).
 
 
 7
 In reaching this conclusion we reject Ackerman's argument that the lack of clarity in the case law on whether the "bona fide dispute" requirement of Sec. 303(b) attached to the liability or to the amount of the alleged debt undermined the ultimate finding of "bad faith." Although Ackerman is correct that the case law was unclear at the time of filing, see In re Dill, 731 F.2d 629, 631 (9th Cir.1984), his argument is a red herring. Any lack of clarity in the case law regarding the eligibility of creditors fails to negate the inference of "bad faith" established by the facts recited above.
 
 
 8
 * We also reject the contention that res judicata principles barred the bankruptcy court's predicate finding concerning the existence of a written retainer agreement between Ackerman and Runyon.
 
 
 9
 We review de novo the question of the availability of res judicata and collateral estoppel. Clark v. Bear Sterns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992). Ackerman provides no basis for the proposition that the state collection action and the instant adversary proceeding to determine whether he filed an involuntary petition in "bad faith" involved the same "claim." See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979); Hulsey v. Koehler, 218 C.A.2d 1150, 1157 (1990). The judgment entered pursuant to the settlement agreement did not, moreover, incorporate any findings pertaining to the existence of a written retainer agreement. Collateral estoppel cannot bar a matter that was not actually litigated in a prior proceeding. Shore, 439 U.S. at 326 n. 5; Lucido v. Superior Court, 51 Cal.3d 335, 341 (1990).
 
 II
 
 10
 Ackerman challenges the bankruptcy court's award of attorney's fees. He argues that the award is excessive because it singles Ackerman out as being solely responsible for all of the Runyon's attorney's fees. He contends that he is, at most, responsible for one-third of the fees incurred for the period between the filing of the initial and the amended petitions.
 
 
 11
 We uphold the bankruptcy court's award of attorney's fees unless the court abused its discretion or erroneously applied the law. Southwestern Media, Inc. v. Rau, 708 F.2d 419, 422 (9th Cir.1983).
 
 
 12
 In In re Reid, 854 F.2d 156, 160 (7th Cir.1988), the Seventh Circuit concluded that the bankruptcy court may properly employ a prior determination that a petitioner filed in "bad faith" to guide its discretion in imposing costs and fees pursuant to Sec. 303(i)(1)(A) and (1)(B). We adopt this reasoning in concluding that the bankruptcy court did not abuse its discretion by holding Ackerman solely responsible for all of the fees incurred. The instant facts, moreover, support the award. Ackerman explained the value of filing an involuntary petition to Wiens and Gordon when they met to discuss their options. Ackerman also helped induce Garaway to join the petition by telling him that he had paid a retainer large enough to see the matter through to the end.
 
 III
 
 13
 Although Ackerman has already had one proverbial bite at the apple before the Bankruptcy Appellate Panel, see In re Nordbrock, 772 F.2d at 400, the Panel did not fully address the question concerning the scope of the bankruptcy court's discretion in awarding attorney's fees pursuant to Sec. 303(i)(1)(B). We consequently deny the Runyon's apparent request for Rule 38 sanctions. This appeal was not frivolous. See McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable J. Spencer Letts, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We are not convinced by Ackerman's attempt to feign ignorance of federal bankruptcy law. The record establishes that Ackerman was the attorney of record in the motion to dismiss the Runyons' personal Chapter 11. The record also supports the inference that Ackerman had at least some familiarity with the involuntary bankruptcy process, insofar as he explained the value of using this procedure to Wiens and Gordon