Matthew R. MARSHALL, Plaintiff,

v.

LABOR & INDUSTRIES, STATE OF, WASHINGTON

and

Attorney General, State of Washington, Defendants.

No. Civ. 99–3145(TFH).

United States District Court, District of Columbia.

March 7, 2000.

Matthew R. Marshall, Syracuse, NY, plaintiff pro se.

Robin Dale, Office of the Attorney General, Olympia, WA, for defendant.

**MEMORANDUM OPINION**

THOMAS F. HOGAN, District Judge.

Pending before the Court are plaintiff's Motion for Default Judgment and defendants' Motion for Summary Judgment. Upon consideration of these motions and the entire record herein, this Court will deny plaintiff's Motion for Default Judgment and grant defendant's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff's complaint alleges that the State of Washington failed to award him adequate workers' compensation benefits for an on-the-job injury which he allegedly suffered in June of 1993. This is the third suit brought by plaintiff concerning this injury. The first suit was filed on October 18, 1996 in King County Superior Court of the State of Washington. *See* Declaration of Assistant Attorney General Robin Dale, p. 1; *see also* Complaint for Washington suit (Exhibit A to defendants' motion for summary judgment). In that lawsuit, Mr. Marshall, then a Washington resident, alleged that the State of Washington and the other defendants had mismanaged his

workers' compensation claim, causing him significant pain and loss of income. On December 6, 1996, Mr. Marshall moved for default; the default was denied by Superior Court Judge Alsdorf, because Plaintiff had failed to serve any of the Defendants. *Id.* On April 2, 1997, the allegations against the State of Washington and the Department of Labor & Industries were dismissed. *See* Order granting defendant Labor & Industries's motion for summary judgment (Exhibit B to defendants' motion).

On or about August 2, 1997, Assistant Attorney General Dale learned that Mr. Marshall had filed another lawsuit against the State of Washington; this time, the suit was pending in the Supreme Court for the County of Onondaga in New York State. *Id.; see also* Complaint for New York action (Exhibit C to defendants' motion). Upon reviewing the New York action, Assistant Attorney General Dale realized that it was the exact same suit that Mr. Marshall had unsuccessfully brought against the State of Washington in Washington State. *Id.* The New York lawsuit was dismissed in January of 1998. *Id.; see also* Order of dismissal (Exhibit D to defendants' motion).

Review of this lawsuit reveals that it is nearly identical to the lawsuits filed in King County, Washington and Syracuse, New York. *Id.*

## II. THE SUMMARY JUDGMENT STANDARD

In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed.R.Civ.P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In the absence of such facts, "the moving party is entitled to judgment as a matter of law." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* However, in opposing a motion for summary judgment, a party is not entitled to rely solely on the allegations of its complaint. Rule 56 provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

## III. DISCUSSION

**A. Because All Alleged Tortious Conduct Occurred in Washington State, this Court lacks Jurisdiction over this Case**

Plaintiff's complaint alleges that he was deprived of his Washington State workers' compensation benefits as a result of "professional negligence" of the State of Washington's Department of Labor & Industries, and the Office of the Attorney General of the State of Washington. *See* Complaint at 1. This "professional negligence" apparently took the form of a delay in processing his workers' compensation benefits from mid–1995 to 1996. *See* Complaint at ¶ IV. Therefore, this case represents assertions by a former Washington State resident against the State of Washington and its agencies for actions that took place in the State of Washington. Construing these alleged facts in the light most favorable to Plaintiff, this Court finds that it cannot establish jurisdiction over this case.

▪ To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry:

A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process.

See *GTE New Media Servs., Inc. v. Bell-South Corp.*, 199 F.3d 1343, 1347 (D.C.Cir. 2000); *United States v. Ferrara*, 54 F.3d 825, 828 (D.C.Cir.1995).

### 1. This Court Cannot Establish Jurisdiction Under the District's Long-Arm Statute

The District's long-arm statute provides, in relevant part, that:

[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—(1) transacting any business in the District of Columbia; ... (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia, if he [i] regularly does or solicits business, [ii] engages in any other persistent course of conduct, or [iii] derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C.Code Ann. § 13–423(a) (1981).

The Court of Appeals for the D.C. Circuit has determined that:

A plaintiff seeking to establish jurisdiction over a non-resident under the foregoing provisions of the long-arm statute must demonstrate, pursuant to section (a)(i), that the plaintiff transacted business in the District, or show, pursuant to section (a)(4) that the plaintiff has caused tortious injury in the District, the injury was caused by the defendant's act or omission outside of the District, and the defendant had one of the three enumerated contacts with the District.

*GTE New Media Servs. Inc.*, 199 F.3d at 1347.

■ In the present case, none of the requirements of the long-arm statute have been met. The Department of Labor & Industries and the Office of the Attorney General for the· State of Washington do not solicit or transact business with the District. of Columbia, nor was there any action taken by defendants causing harm within the District of Columbia. Since neither the plaintiff nor the defendants have any connection to the District of Columbia and all of the tortious acts alleged by plaintiff occurred in the State of Washington while plaintiff was a resident of Washington State, plaintiff cannot establish the requisite minimum contacts necessary to invoke the District's long-arm statute. Consequently, this ·Court lacks jurisdiction over the defendants in this case.

### 2. Assumption of Jurisdiction Would Offend Traditional Notions of Due Process

■ Even when the literal terms of the long-arm statute have been satisfied, a plaintiff must also show that the exercise of personal jurisdiction is within the permissible bounds of the due process clause. *GTE New Media Servs., Inc.*, 199 F.3d at 1347. In other words, ·a plaintiff must show "minimum contacts" between the defendant and the forum so that the "maintenance of the suit ·does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, et al.;* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Under the "minimum contacts" standard, courts must insure that the defendant's conduct and connection with the forum "are such that he should reasonably anticipate being hauled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The constitutional test is whether the defendant purposefully established "minimum contacts" in the forum state. *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480

U.S. 102, 108–109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Minimum contacts consist of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 109, 107 S.Ct. 1026.

■ In this case, the Department of Labor & Industries for the State of Washington and the Office of the Attorney General for the State of Washington have no agencies or offices stationed in the District of Columbia, and they perform no commercial activities here. *See* Declaration of Assistant Attorney General Dale at 2–3. Furthermore, the State of Washington cannot reasonably be expected to assume that one of the consequences of administering the state's workers' compensation system within the boundaries of Washington State would be a lawsuit in the District of Columbia. The fact that a resident of the State of Washington, who alleges that he was denied workers' compensation, has moved to the District of Columbia is insufficient grounds for the State of Washington to reasonably foresee being hauled into this Court. The concept of minimum contacts is designed to ensure that courts do not reach beyond the limits imposed on them by their status as co-equal sovereigns in a federal system. *Asahi,* 480 U.S. at 113, 107 S.Ct. 1026. Where a state has not deliberately availed itself of the benefits and protections of another state's jurisdiction, the due process clause acts to prevent the forum state from asserting jurisdiction. In this case, assumption of jurisdiction over the State of Washington's Department of Labor & Industries and its Office of the Attorney General would offend traditional notions of due process.

**B. Principles of Comity Also Dictate Dismissal of this Lawsuit**

■ The principles of federalism and comity compel dismissal of this action. In *Nevada v. Hall,* 440 U.S. 410, 426, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979), the Su-

preme Court reasoned that "it may be wise policy, as a matter of harmonious interstate relations, for states to accord each other immunity or to respect any established limits on liability." Notwithstanding the existence of jurisdiction, principles of comity allow states to decline jurisdiction over another state in order to promote friendly relations and a mutual desire to do justice. *See Fernandez v. Dep't of Highways,* 49 Wash.App. 28, 741 P.2d 1010, 1017 (1987). Although a state may exercise jurisdiction over other states if its state policy so dictates, the United States Constitution does not require such an exercise. *Id.*

■ In the present case, plaintiff is asking the United States District Court for the District of Columbia to determine whether a Washington State agency properly administered Washington State's workers' compensation law. The District of Columbia's interests in this suit are unclear. Moreover, at this point, there is no reason to believe that the District's law should govern resolution of questions surrounding the State of Washington's workers' compensation claim. Principles of comity dictate that these issues should be decided by a Washington court, not the United States District Court for the District of Columbia.

**C. Default Is Improper Because Service of Process Has Not Been Achieved As To Any Defendant**

■ The prerequisite to commencement of a civil suit is proper service of process. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). In the absence of service of process, a court may not exercise power over a party whom the complainant names as a defendant. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

■ In the present case, neither the State of Washington's Department of

Labor & Industries nor the State of Washington's Office of the Attorney General were properly served. *See* Declaration of Assistant Attorney General Dale at 2–3. Under the Federal Rules of Civil Procedure, a state must be served in the following manner:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed.R.Civ.P. 4(j)(2) (West 1999). In Washington State, the only individuals authorized by law to receive service for the state and its agencies are the Attorney General and the Assistant Attorneys General of the State of Washington. *See* RCWA 4.92.020 (West 1999). Plaintiff's affidavit of service filed with this Court shows that he had a copy of the case "summons" delivered by Federal Express to Ms. Linda Pietras at the Washington State Attorney General's Office. *See* Plaintiff's Affidavit of Service. Linda Pietras is not an Attorney General or an Assistant Attorney General with the State of Washington; she is the receptionist. *See* Declaration of Assistant Attorney General Dale at 2–3. Moreover, Ms. Pietras is not legally authorized to accept service on behalf of the Attorney General or any Assistant Attorney General. *See* RCWA 4.92.020 ("service of summons and complaint in such actions shall be served in the manner prescribed by law upon the attorney general, or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general.")

Plaintiff has failed to personally serve the Attorney General or any Assistant Attorney General in Washington. *See* Declaration of Assistant Attorney General Dale. Accordingly, due to lack of service, plaintiff has failed to establish this Court's jurisdiction over the defendants in this action. Therefore, plaintiff's default motion must be denied and this case must be dismissed.

**D. Plaintiff's Claims Against the State are Barred by the Eleventh Amendment**

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (quoting *Employees of Dept. of Public Health and Welfare, Missouri v. Missouri Dep't of Public Health & Welfare Dep't*, 411 U.S. 279, 280, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973)). Immunity under the Eleventh Amendment extends to state agencies. *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (1986) ("a suit against a state agency is considered to be a suit against the state, and thus is barred by the Eleventh Amendment."). States and their agencies are immune from suit for money damages in federal court. *Welch v. Texas Dep't of Highways and Public Transp., et al.*, 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987).

A state is found to have waived Eleventh Amendment immunity "[o]nly where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Micomonaco v. State of Washington*, 45 F.3d 316, 319 (9th Cir.1995) (citing *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 239–40, 105 S.Ct. 3142, 87 L.Ed.2d 171

(1985)). Nothing in Washington's law expressly or otherwise consents to suit in federal court. *See McConnell v. Critchlow,* 661 F.2d 116, 117 (9th Cir.1981).

■■■■■ Congress may also waive a state's Eleventh Amendment immunity under certain circumstances. *See Seminole Tribe of Florida v. Florida, et al.,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) ("Congress may abrogate states' sovereign immunity if it has 'unequivocably expresse[d] its intent to abrogate the immunity' and has acted 'pursuant to a valid exercise of power.'") (quoting *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985)). However, "Congress has not abrogated the States' Eleventh Amendment immunity against state law claims brought in federal court[.]" *Mascheroni v. Board of Regents of Univ. of Calif.,* 28 F.3d 1554, 1560 (10th Cir.1994). Moreover, jurisdiction over plaintiff's state law claims may not be found through pendent or supplemental jurisdiction, because "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Pennhurst,* 465 U.S. at 121, 104 S.Ct. 900.

■■■ In this case, the State of Washington has been sued by the plaintiff in federal court. Because the State is the real party in interest, the Eleventh Amendment applies. Therefore, plaintiff's lawsuit against the State must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court lacks jurisdiction over this action. The Court will therefore deny plaintiff's Motion for Default Judgment, grant defendants' Motion for Summary Judgment, and dismiss this case without prejudice. An order will accompany this Opinion.