Michelle NICHOLS, an individual; Antonio Sanchez, an individual; Anna Christine Lizarraga, an individual, Plaintiffs—Appellants,

v.

AZTECA RESTAURANT ENTERPRISES, INC., a corporation, Defendant—Appellee.

No. 99–35579.

D.C. No. CV–96–01879–JDS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided July 16, 2001.

Before REINHARDT, WARDLAW, and RONALD M. GOULD, Circuit Judges.

MEMORANDUM [*]

Michelle Nichols and Anna Christine Lizarraga (collectively "Appellants")[1] brought this action against their former employer, Azteca Restaurant Enterprises, Inc., alleging, among other claims, sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Washington Law Against Discrimination ("WLAD"). Following a bench trial, the district court entered judgment in favor of Azteca on all claims.

On appeal, both Nichols and Lizarraga challenge the district court's factual findings and legal conclusions regarding the existence of a hostile work environment; Azteca's liability for the alleged harassment; and related evidentiary rulings. Nichols challenges the district court's factual findings and legal conclusions regarding her alleged retaliatory discharge.[2]

Having reviewed the record, we conclude that the factual findings at issue have ample evidentiary support and are not clearly erroneous. *See Ellison v. Brady*, 924 F.2d 872, 875–76 (9th Cir.1991). In light of these findings, we affirm the judgment in favor of Azteca for the reasons stated by the district court.

■■■ We reject Appellants' contention that the district court erred by excluding certain witness testimony. The proffered expert testimony bordered on a legal con-

---

[*] This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We address the claims of Appellants' co-plaintiff, Antonio Sanchez, in an opinion filed concurrently with this memorandum disposi-

tion. *See Nichols v. Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864 (9th Cir.2001).

2. Appellants do not appeal the portion of the district court's judgment denying their claims for quid pro quo sexual harassment, wage discrimination, negligent supervision, and negligent retention.

clusion, and its exclusion was neither an abuse of discretion nor prejudicial. The proffered pattern and practice testimony was unconnected in time, place and actor to Appellants, and its exclusion was not an abuse of discretion.

█ We have discretion to award damages, attorneys fees, and single or double costs for bringing a frivolous appeal. Fed. R.App. P. 38; 28 U.S.C. § 1912. We decline to award such damages here as Appellants presented a colorable factual and legal basis for their appeal. *See McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir.1981).

AFFIRMED.