**David W. CREVELING, Plaintiff—
Appellant,**

v.

**State of WASHINGTON, Defendant—
Appellee.**

No. 05–36018.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

David W. Creveling, Carlton, WA, for Plaintiff–Appellant.

Sheila D. Lynch, Esq., AGWA—Office of the Washington Attorney General, Olympia, WA, for Defendant–Appellee.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

David W. Creveling appeals pro se from the district court's judgment dismissing on Eleventh Amendment grounds his action arising from the State of Washington's seizure of a water diversion. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Harrison v. Hickel,* 6 F.3d 1347, 1352 (9th Cir.1993), we affirm.

Under the Eleventh Amendment of the United States Constitution, a State is immune from suit brought in federal court by its own citizens as well as citizens of another state. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Although a state may waive its sovereign immunity by consenting to suit in federal court, such waiver must be unequivocally expressed. *See id.* at 99, 104 S.Ct. 900. Washington's waiver of immunity in its own courts does not waive its immunity in federal court. *See McConnell v. Critchlow,* 661 F.2d 116, 117 (9th Cir.1981). Because Creveling named only the State of Washington as a defendant, the district court did not err in determining that Creveling's action is barred by the Eleventh Amendment. *See Pennhurst,* 465 U.S. at 100, 104 S.Ct. 900. This decision does not preclude any action Creveling might file in state court.

Creveling also objects to the denial of his motion for a default judgment, but he fails to set forth any basis for concluding that he was entitled to a default judgment or that the district court abused its discretion. *See Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986) (describing factors to be considered by courts in exercising discretion as to the entry of a default judgment).

We deny the motion for injunctive relief that Creveling filed on August 24, 2006.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.