**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN FORD, | No. 09-35138 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-01455-BR |
| v. | |
| MICHAEL WASHINGTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Brian Ford appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging claims concerning his designation as a predatory

sex offender ("PSO") and his conditions of parole. We have jurisdiction under 28

U.S.C. § 1291. We review de novo dismissals on statute of limitations grounds

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

and under Federal Rule of Civil Procedure 12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We review for an abuse of discretion the denial of leave to amend. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002). We may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly dismissed Ford's claim challenging the PSO designation because it is barred by the statute of limitations. *See* Or. Rev. Stat. § 12.110(1) (two-year statute of limitations for personal injury claims); *Cholla Ready Mix*, 382 F.3d at 974 (explaining that, for section 1983 claims, federal courts borrow the applicable state's statute of limitations for personal injury claims). Contrary to Ford's contention, this claim accrued at the time of the PSO designation, and not when defendant Washington refused to remove the designation or when the Oregon Supreme Court decided *V.L.Y. v. Board of Parole & Post-Prison Supervision*, 106 P.3d 145 (Or. 2005). *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (a section 1983 "'claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action'" (citation omitted)); *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981) (rejecting argument that section 1983 claim accrued when the right to suit was recognized by case law).

We affirm the denial of leave to amend as to Ford's parole conditions claim. *See Lipton*, 284 F.3d at 1039 (affirming denial of leave to amend where amendment would be futile); *see also Kansas v. Hendricks*, 521 U.S. 346, 356-57 (1997) (rejecting due process challenge in sexually violent predator context); *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504-08 (1995) (rejecting ex post facto challenge in parole context).

**AFFIRMED.**