**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARRON LEFAY; et al., | No.   15-15029 |
| Plaintiffs-Appellants, | D.C. No. 1:13-cv-01362-AWI-MJS |
| v. | |
| WILLIAM CHARLES LEFAY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| SHARRON LEFAY; et al., | Nos.   15-15235<br>        15-15489 |
| Plaintiffs-Appellees, | D.C. No. 1:13-cv-01362-AWI-MJS |
| v. | |
| WILLIAM CHARLES LEFAY, | |
| Defendant, | |
| and | |
| ERIC PANABAKER, Fresno Police Officer; et al., | |
| Defendants-Appellants. | |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted December 13, 2016
San Francisco, California

Before: KOZINSKI, BYBEE, and N.R. SMITH, Circuit Judges.

Sharron LeFay ("Sharron") appeals the district court's summary judgment ruling that Officer Darryll Van Deursen had probable cause to place her on a seventy-two-hour mental health hold pursuant to California Welfare and Institutions Code section 5150. The City of Fresno, along with several Fresno Police Officers, filed a cross-appeal, seeking review of the district court's order granting Plaintiffs attorney's fees as a discovery sanction. We affirm.

**1.** A detention under California Welfare and Institutions Code section 5150 must be supported by probable cause. *Bias v. Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007). "Probable cause exists under section 5150 if facts are known to the officer 'that would lead a person of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is a danger to himself or herself.'" *Id.* (quoting *People v. Triplett*, 192 Cal. Rptr. 537, 540–41 (Cal. Ct. App. 1983)).

The Fresno Police Department dispatched Officer Van Deursen to the LeFay residence after Sharron's husband, William LeFay ("William"), called and reported that Sharron had "jumped on him." The dispatcher informed Officer Van Deursen that a male and female were arguing and that other officers had been dispatched to the residence early that evening. Upon his arrival at the residence, William reported to Officer Van Deursen that Sharron was delusional, had not eaten in days, and was in a "gradual mental decline." William also reported that Sharron was falsely accusing him of stealing her purse and poisoning her food. Officer Van Deursen then attempted to confirm the information he had received from William by speaking with Sharron. Sharron stated she had not eaten a meal in three days and could not recall the last time she had consumed liquid. Sharron explained that she was being treated for depression, fibromyalgia, and other body pain. She also expressed concern that William was stealing her purse. Finally, Officer Van Deursen observed that Sharron had trouble walking, that she appeared malnourished and dehydrated, and that she was wearing dirty clothing, as if she had not changed in several days. These "specific and articulable facts" support a "rational inference" that Sharron was mentally disordered and a danger to herself. *Id.* (quoting *Triplett*, 192 Cal. Rptr. at 541). Therefore, we find Officer Van Deursen had probable cause to place Sharron on a section 5150 mental health hold.

3

Accordingly, we affirm the district court's grant of summary judgment in favor of Officer Van Deursen on Sharron's Fourth Amendment claim, actionable under 42 U.S.C. § 1983.

**2.** "[W]e review every discovery sanction for an abuse of discretion, [and] we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Federal Rule of Civil Procedure 37(c)(1) allows a court to exclude from trial or a hearing, any witness or evidence that has not been properly identified in accordance with Rule 26(a) or (e). However, there are two express exceptions to this general rule: "The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Id.* (citing Fed. R. Civ. P. 37(c)(1)). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A).

Under Rule 26(a)(2), parties must "disclose the identity of each expert witness 'accompanied by a written report prepared and signed by the witness.'" *Yeti by Molly*, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 26(a)(2)(B)). Defendants failed to comply with Rule 26(a)(2) by the deadline the district court set in a

scheduling order. *LeFay v. LeFay*, No. 1:13-cv-1362, 2014 WL 6473725, at *1 (E.D. Cal. Nov. 18, 2014). Defendants then asked the district court to modify the scheduling order to give them additional time to identify their expert witnesses and submit their expert reports. *Id.* In ruling on this motion, the district court analyzed whether allowing Defendants to present their expert witnesses at trial would harm Plaintiffs by determining whether Plaintiffs would suffer any prejudice. *Id.* at *6 ("So the Court then turns to the question of harmlessness, or its corollary, prejudice . . . ."). Ultimately, the district court chose not to exclude Defendants' expert witnesses from trial. *Id.* The district court concluded that one of Rule 37(c)(1)'s express exceptions applied: Defendants' failure to timely disclose the identity and written reports of their expert witnesses would not prejudice Plaintiffs, and thus was harmless, so long as Defendants satisfied certain conditions. *Id.* The district court also awarded Plaintiffs the reasonable attorney's fees they had incurred in arguing the motion to modify the scheduling order. *Id.* at *7. The award of attorney's fees was necessary to ensure Plaintiffs—who had incurred fees opposing a motion Defendants had filed to fix their own shortcomings—were not harmed. Although another jurist might not have awarded Plaintiffs their attorney's fees under these circumstances, or in this manner, that is not the relevant inquiry. *See Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988). We find that the

5

district court did not make "a clear error of judgment," and thus did not abuse its discretion, in awarding Plaintiffs their attorney's fees. *Id.*

Later, after the district court ruled on Defendants' motions for summary judgment, Plaintiffs filed a motion to recover their attorney's fees pursuant to the district court's order. The district court then held a hearing to give the parties an opportunity to be heard before awarding the fees. We find that under these circumstances Rule 37(c)(1)'s procedural requirements were met.

Finally, we reject Sharron's contention that the cross-appeal is so lacking in merit that sanctions are appropriate. Although we are affirming the district court's award of fees, we cannot conclude that "the result is obvious or the . . . arguments are wholly without merit." *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)).

Each party shall bear its own costs on appeal.

**AFFIRMED.**