**In re MARQUAM INVESTMENT CORPORATION, Debtor.**

**Susan BREWER, Plaintiff–Appellee,**

**v.**

**ERWIN & ERWIN, P.C., Defendant–Appellant.**

**No. 90–35312.**

United States Court of Appeals, Ninth Circuit.

March 24, 1992.

Before ALARCON, FERGUSON and HALL, Circuit Judges.

### ORDER

After receiving a favorable decision in the case in chief (*In re Marquam Inv. Corp.*, 942 F.2d 1462 (9th Cir.1991)), the plaintiff-appellee seeks attorney fees against the appellant pursuant to Rule 38 of the Federal Rules of Appellate Procedure, which provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Fed.R.App.P. 38 advisory committee note states that damages may be awarded in frivolous appeals as a matter of justice to the appellee and as a penalty against the appellant.

In our reported opinion on the case in chief, we affirmed the district court's ruling and declared that the bankruptcy court clearly erred in finding that Marquam agreed to pay the Erwin law firm for any

legal services. *In re Marquam,* 942 F.2d at 1466.

■ First, we agreed with the district court that it was clear beyond dispute that the Erwins were insiders in the Marquam corporation as a matter of law. The Supreme Court in *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939) declared that an insider must prove the good faith of the transaction and its inherent fairness. There were no billing or corporate documents evidencing a debt for attorney fees, nor were there any accounts receivable or billings for legal services. *In re Marquam,* 942 F.2d at 1466. The bankruptcy court acknowledged that "all we have is the testimony of Charles Erwin that such (legal services for pay) was the intent." *Id.* at 1464. Nevertheless, despite the lack of documentary evidence in a situation where the burden was on appellant to show the good faith of the transaction, the bankruptcy court allowed the claim for attorney fees. The district court overturned this ruling, and we easily affirmed. We also pointed out that the reasoning of the bankruptcy court was a flawed syllogism that not only defied elementary precepts of logic but also fundamental purposes of contract law. *Id.* at 1466. With this factual and legal background, any appeal from the district court's reversal of the bankruptcy court was beyond doubt frivolous to the extreme. *See McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir.1981) (appeal is frivolous when result is obvious or appellant's arguments of error are wholly without merit).

The appeal of the appellant to this court is frivolous within Fed.R.App.P. 38, and the request for attorney fees of $5,058.75 is reasonable and just.

It is therefore ordered that the amount of $5,058.75 is awarded to the appellees against the appellant Erwin & Erwin, P.C. as damages pursuant to Rule 38 of the Federal Rules of Appellate Procedure.

ALARCON, Circuit Judge, dissenting.

I would deny Susan Brewer's request for attorney's fees in this matter. Brewer seeks attorney's fees pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Rule 38 provides that attorney's fees may be awarded if an appeal is frivolous. I respectfully disagree with my colleagues' conclusion that the appeal from the district court's reversal of the bankruptcy court's judgment, filed by Erwin & Erwin, P.C. (the Erwin law firm) was frivolous.

In this matter, the bankruptcy judge ruled *in favor* of the Erwin law firm. The appeal from the bankruptcy court's ruling was taken by Brewer, *not* the Erwin law firm. In our independent review of the bankruptcy court's judgment in favor of the Erwin law firm, we held that the bankruptcy court erred as a matter of law in concluding that Charles Erwin was not an insider. *In re Marquam Inv. Corp.,* 942 F.2d 1462, 1465–66 (9th Cir.1991).

Punishment of the party that prevailed in the trial court under Rule 38 for seeking to uphold a favorable judgment appears to be a bizarre application of a rule designed to discourage frivolous appeals by the party that lost in the trial court. The majority has not cited any case wherein an appellate court has awarded sanctions in a bankruptcy matter against the party that prevailed in the trial court. In *McConnell v. Critchlow,* 661 F.2d 116 (9th Cir.1981), the only authority cited by the majority, we imposed sanctions against a party that filed an appeal from the dismissal by the district court of a civil rights action based on arrests that took place 4 to 15 years before the filing of his complaint. We concluded that the appeal was frivolous because "McConnell made no argument on appeal as to why the limitations period had not run." *Id.* at 117. In this matter, the Erwin law firm vigorously, albeit erroneously, contested the district court's reversal of the judgment of the bankruptcy court.

The reversal of the bankruptcy court's judgment by the district court simply demonstrated that two judges disagreed in their interpretation of the law regarding an insider's duties, not that either party's legal arguments were frivolous. The Erwin law firm had the right to seek review of the district court's reversal of the bank-

**802**

ruptcy judge's judgment upholding the claim for legal fees. Failure to do so in light of the bankruptcy judge's favorable decision may have bordered on malpractice. I cannot concur in the majority's conclusion that the Erwin law firm's decision to have this court resolve this conflict between the two courts was frivolous.

This court has the duty to review a bankruptcy court's decision *de novo* without deference to the district court's legal conclusions. *In re Marquam Inv. Corp.*, 942 F.2d at 1465. In the *Marquam* decision, we described our role in reviewing a bankruptcy court's decision as follows:

> [W]e are in reality reviewing the claims of error presented by the party that did *not* prevail before the bankruptcy court. While Brewer is nominally the *appellee* before this court, it is her challenge to the bankruptcy court's findings and conclusions of law that we must review. By the same token, although designated as the appellant, the Erwin law firm's mission before this court is to defend the victory it achieved in the bankruptcy court.

*Id.*

The effect of the majority's conclusion to award attorney's fees in favor of the party that *lost* before the bankruptcy court is that a party that seeks to sustain a bankruptcy judge's judgment risks incurring sanctions if this court disagrees with the bankruptcy court's interpretation of the law. I seriously doubt that the drafters of Rule 38 intended to sanction a party that *prevailed* in the bankruptcy court whenever we conclude that the bankruptcy court erred.