**In re MARQUAM INVESTMENT CORP., Debtor.**

**Suzan BREWER, Appellant,**

v.

**ERWIN & ERWIN, P.C., Respondent.**

**Civ. No. 95–1506–FR.**
**Bankruptcy No. 383–01488–HLH7.**

United States District Court,
D. Oregon.

Nov. 2, 1995.

---

Charles Robinowitz, Portland, Oregon, for Appellant.

Charles C. Erwin, Warde H. Erwin, Erwin & Erwin, P.C., Portland, Oregon, for Respondent.

## OPINION.

FRYE, District Judge:

The matter before the court is the appeal of the appellant-plaintiff, Suzan Brewer, from the order of the United States Bankruptcy Court filed on January 12, 1995 denying her motion for sanctions pursuant to Bankruptcy Rule 9011 against the Respondent–Defendant, Erwin & Erwin, P.C.

## BACKGROUND

On May 4, 1983, Marquam Investment Company (Marquam) filed a petition in bankruptcy, claiming assets of approximately $107,000 and debts of approximately $255,-000.

Erwin & Erwin, P.C. filed an unsecured claim for $120,000 in attorney fees. Suzan Brewer, the appellant-plaintiff here, filed an unsecured claim for $75,000, the amount of punitive damages that were awarded to her in a state court judgment.

On March 24, 1988, the bankruptcy court approved the Chapter 11 plan submitted by Marquam and allowed the unsecured claim of Erwin & Erwin, P.C. for $120,000 in attorney fees. Brewer's $75,000 claim for punitive damages was discharged pursuant to 11 U.S.C. § 726(a)(4) because there were insufficient funds in the bankrupt's estate to reach it.

Brewer appealed the allowance of the claim of Erwin & Erwin, P.C. to the United States District Court for the District of Oregon.

On March 8, 1990, the Honorable James A. Redden, United States District Court Judge, reversed the order of the bankruptcy court which had allowed the claims of Erwin & Erwin, P.C. for attorney fees, finding that Erwin & Erwin, P.C. had not adequately documented its claim for attorney fees, and further finding that even if Erwin & Erwin, P.C. had documented its claim for attorney fees, Erwin & Erwin, P.C. had not shown by a preponderance of the evidence that its claim was a valid claim. Opinion, p. 12, ER–19. Judge Redden remanded the case to the bankruptcy court for the entry of an order denying in its entirety the claim of Erwin & Erwin, P.C. for attorney fees.

Erwin & Erwin, P.C. appealed the decision of Judge Redden to the United States Court of Appeals for the Ninth Circuit. On August 26, 1991, the United States Court of Appeals for the Ninth Circuit affirmed the decision of Judge Redden. In *In re Marquam Inv. Corp.*, 942 F.2d 1462 (9th Cir.1991), the appellate court stated, in part:

The facts before the bankruptcy court demonstrate that a corporation controlled

by members of the Erwin law firm has successfully avoided payment of a state court judgment entered more than 11 years ago in favor of Brewer and against Marquam.

Eight days after the Oregon Supreme Court denied final review of the 1980 judgment, Marquam filed a petition in bankruptcy listing its assets at 107,152, and the claim of the Erwin law firm for $120,000 in unbilled legal services. As set forth above, this claim is not supported by corporate minutes, an account payable, or any record of any billing for legal services. Under all the circumstances presented in the record before the bankruptcy court, we have concluded the testimony of the corporate insiders in support of the Erwin law firm's claim for legal services is so "implausible on its face that a reasonable fact finder would not credit it."

After reviewing the evidence in the record before the bankruptcy court, we are left with a definite and firm conviction that the bankruptcy court was mistaken in finding that the Marquam Investment Corporation entered into a contract to pay the Erwin law firm for its legal services. Accordingly, we hold that the bankruptcy court's finding that Charles Erwin did not intend to donate his legal services is clearly erroneous.

*Id.* at 1466 (quoting *Anderson v. City of Bessemer City, North Carolina,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985)) (citation omitted).

On March 24, 1992, the United States Court of Appeals for the Ninth Circuit filed a separate order awarding attorney fees to Brewer in the amount of $5,058.75 pursuant to Fed.R.App.P. 38. The appellate court stated, in part:

First, we agreed with the district court that it was clear beyond dispute that the Erwins were insiders in the Marquam corporation as a matter of law. The Supreme Court in *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939) declared that an insider must prove the good faith of the transaction and its inherent fairness. There were no billing or corporate documents evidencing a debt for attorney fees,

nor were there any accounts receivable or billings for legal services. *In re Marquam,* 942 F.2d at 1466. The bankruptcy court acknowledged that "all we have is the testimony of Charles Erwin that such (legal services for pay) was the intent." *Id.* at 1464. Nevertheless, despite the lack of documentary evidence in a situation where the burden was on appellant to show the good faith of the transaction, the bankruptcy court allowed the claim for attorney fees. The district court overturned this ruling, and we easily affirmed. We also pointed out that the reasoning of the bankruptcy court was a flawed syllogism that not only defied elementary precepts of logic but also fundamental purposes of contract law. *Id.* at 1466. With this factual and legal background, any appeal from the district court's reversal of the bankruptcy court was beyond doubt frivolous to the extreme.

*In re Marquam Inv. Corp.,* 959 F.2d 800, 801 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 676, 121 L.Ed.2d 598 (1992).

On April 28, 1993, Brewer and the trustee in bankruptcy moved the bankruptcy court for sanctions against Erwin & Erwin, P.C. pursuant to 11 U.S.C. Rule 9011 for filing a claim for $120,000 against the estate without having a reasonable basis for so doing. The motion filed by Brewer and the trustee in bankruptcy was entitled "MOTION FOR SANCTIONS PURSUANT TO RULE 9011 AGAINST ERWIN & ERWIN, P.C., CHARLES ERWIN AND WARDE H. ERWIN." Despite its title, the motion for "an Order of sanctions against Erwin & Erwin, P.C. [was] pursuant to 11 U.S.C. Rule 9011 for filing a claim of $120,000 against the estate without a reasonable basis." Motion, p. 1, ER–48.

On December 16, 1994, in a published opinion, the bankruptcy court denied the motion of Brewer and the trustee in bankruptcy for sanctions. The bankruptcy court stated that "the 9th Circuit panel misunderstood the syllogism relied upon by this author in making the ruling in question and the legal basis therefore." Opinion, p. 20, ER–70. The bankruptcy court wrote:

The authors of the 9th Circuit's opinion were also apparently unaware of the fundamental legal concept of "quasi-contract" ... so as to correctly interpret and reiterate this court's orally stated syllogism. Had the authors been familiar with the concept, they might not have misinterpreted the basis for this court's ruling.

. . . .

[T]his court cannot conclude that the claim was fraudulent as asserted by Mr. Robinowitz. It is possible that an appellate court could find this court's prior findings of fact on this issue to be clearly erroneous and reverse the court again with respect to this motion for sanctions. Given the misinterpretations and misunderstandings by the 9th Circuit panel of this court's reasoning and actions in this matter, however, it seems entirely inappropriate to again impose sanctions. This time, if this issue is appealed and the basis for this court's earlier ruling is understood, an appellate court may recognize that there was evidence to support the claimant's position and find that the position was not frivolous. Obviously, this court did not and does not find it to have been a frivolously or fraudulently filed claim.

*Id.* at 22, ER–72.

On January 12, 1995, the bankruptcy court entered an order based upon the court's opinion dated December 16, 1994, in which it denied "all motions for the imposition of sanctions." Order, p. 2, ER–75.

## CONTENTIONS OF THE PARTIES

Brewer contends that the bankruptcy court erred in denying the motion of Brewer and the trustee for sanctions. Brewer asserts that the United States Court of Appeals for the Ninth Circuit has ruled that the claim filed by Erwin & Erwin, P.C. for $120,-000 in legal services was "frivolous to the extreme;" that this is the law of the case; and that sanctions under Rule 9011 should have been allowed.

Erwin & Erwin, P.C. contends that the bankruptcy court correctly found that there was a substantial factual and legal basis supporting its claim for fees for providing necessary legal services, and that the decision of the United States Court of Appeals under Fed.R.App.P. 38 does not require the imposition of sanctions.

## STANDARD OF REVIEW

A district court acts as an appellate court when it reviews a judgment of the bankruptcy court. *In re Daniels–Head & Assocs.*, 819 F.2d 914, 918 (9th Cir.1987). The district court reviews findings of fact for clear error and reviews conclusions of law *de novo. Id.*

## APPLICABLE LAW

Rule 9011(a) states, in relevant part:

Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney ... shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. . . . The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case. . . . If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

## ANALYSIS AND RULING

Three judges of the United States Court of Appeals for the Ninth Circuit concluded that Charles Erwin was "an insider" and that "[t]he facts before the bankruptcy

court demonstrate that a corporation controlled by members of the Erwin law firm has successfully avoided payment of a state court judgment entered more than 11 years ago in favor of Brewer and against Marquam." 942 F.2d at 1466. Two of the three judges of the United States Court of Appeals for the Ninth Circuit have concluded that "any appeal from the district court's reversal of the bankruptcy court was beyond doubt frivolous to the extreme." 959 F.2d at 801. These findings as the law of the case support a further finding that monetary sanctions under Rule 9011 in the form of fees and costs incurred because of the filing by Erwin & Erwin, P.C. of its claim for legal services are appropriate.

While the bankruptcy court surmised that the Court of Appeals had misinterpreted and misunderstood the basis for its initial ruling that the claim by Erwin & Erwin, P.C. for legal services was a valid claim, the record in this case reflects that the district court and the Court of Appeals discounted and/or disagreed with the basis for the ruling of the bankruptcy court rather than misunderstood the reasoning of the bankruptcy court.

The dilemma here was noted by the Honorable Arthur L. Alarcon, United States Circuit Court Judge, in his dissent to the award on appeal of fees to Brewer pursuant to Fed.R.App.P. 38. Judge Alarcon recognized that the bankruptcy court had found in favor of the claim of Erwin & Erwin, P.C., and that a party relying on the ruling of the bankruptcy court could hardly be thought to be pursuing a frivolous claim. However, the majority awarded fees finding that "any appeal from the district court's reversal of the bankruptcy court was beyond doubt frivolous to the extreme." 959 F.2d at 801.

The record in this case supports the position of Brewer that the $120,000 claim of Erwin & Erwin, P.C. filed and pursued by documents signed by Charles Erwin and Warde Erwin was not well grounded in fact or warranted by existing law or any good faith argument for the extension, modification or reversal of existing law. The record in this court supports a finding and this court finds that the $120,000 claim of Erwin & Erwin, P.C. was interposed for the improper purpose of avoiding payment of a state court judgment through the filing of a frivolous claim.

## CONCLUSION

Based upon the record before the court, the order of the bankruptcy court denying the "MOTION FOR SANCTIONS PURSUANT TO RULE 9011 AGAINST ERWIN & ERWIN, P.C., CHARLES ERWIN AND WARDE H. ERWIN" is reversed. This case is remanded to the bankruptcy court for the entry of an order granting sanctions to Suzan Brewer pursuant to Rule 9011.