**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE WESTWOOD PLAZA NORTH, *Debtor*, | No. 17-55655 |
| | D.C. No. 2:13-cv-00318-BRO |
| SHMUEL ERDE, *Plaintiff-Appellant*, | |
| v. | ORDER AND AMENDED OPINION |
| THEODOR NICKOLAS BODNAR; MARY LOUISA BODNAR; TERRENCE W. COONEY; JAMES WALDORF; JOHN BRINK, *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted to Motions Panel February 15, 2018

Filed April 9, 2018
Amended May 1, 2018

Before: Kim McLane Wardlaw, Ronald M. Gould,
and Paul J. Watford, Circuit Judges.

Order;
Per Curiam Opinion

## SUMMARY[*]

**Sanctions**

The motions panel filed a per curiam opinion granting in part and denying in part appellees' motion for an award of sanctions against appellant following the panel's partial dismissal of the appeal for lack of jurisdiction and partial summary affirmance of the district court's post-judgment orders in a bankruptcy case.

The motions panel held that the motion for sanctions pursuant to Fed. R. App. P. 38 was timely because it was filed within the time limits for filing a request for attorneys' fees under 9th Cir. R. 39-1.6(a). Granting the sanctions motion in part, the panel awarded appellees attorney's fees under Rule 38 for defending the appeal, which it concluded was frivolous. The panel referred the determination of an appropriate award of attorney's fees as damages under Rule 38 to the Appellate Commissioner.

The motions panel denied in part the sanctions motion with respect to appellees' request for sanctions pursuant to 28 U.S.C. § 1927.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Shmuel Erde, Beverly Hills, California, pro se Appellant.

Barry Z. Brodsky and Jodi L. Girten, Kaufman Dolowich & Voluck LLP, Los Angeles, California, for Appellees.

**ORDER**

The per curiam opinion filed on April 9, 2018 is amended as follows:

At slip op. page 6, lines 14–21, delete "*See* 28 U.S.C. § 1927 (sanctions for filings which unreasonably and vexatiously multiply the proceedings); *Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990) (sanctions under 28 U.S.C. § 1927 may be imposed on pro se litigant for bad faith filings); *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982) (finding of bad faith or intentional misconduct by counsel required for award of sanctions under 28 U.S.C. § 1927)."

An amended opinion is filed concurrently with this order.

**OPINION**

PER CURIAM:

The court's October 11, 2017 order dismissed in part this appeal for lack of jurisdiction, and summarily affirmed in part the district court's post-judgment orders. Now before the court is appellees' motion for an award of sanctions

against appellant pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927.  Appellees ask the court to impose attorney's fees, double costs, or both on Appellant Shmuel Erde.

Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Rule 38 does not prescribe a time limit within which to file such a motion.  This court has not specifically addressed the time limit for filing a motion seeking sanctions pursuant to Rule 38 if the motion is brought after the court issues a disposition on the merits of the appeal.

Because Rule 38 provides a basis for an award of attorney's fees, we find that a motion for sanctions pursuant to Rule 38 should be filed within the time limits for filing a request for attorney's fees under Ninth Circuit Rule 39-1.6(a).  *See Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 630 (9th Cir. 2017) (award of "just damages" under Rule 38 "may include attorney's fees incurred in defending against the frivolous issues or frivolous portions of an appeal"); *Vasseli v. Wells Fargo Bank (In re Vaselli)*, 5 F.3d 351, 353 (9th Cir. 1993) (Rule 38 empowers appellate courts to award damages, attorney's fees, and other expenses incurred by an appellee in responding to a frivolous appeal). Ninth Circuit Rule 39-1.6(a) provides that, absent a statutory provision to the contrary, a request for attorney's fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed, or within 14 days after the Court's disposition of a timely petition for rehearing.

Applying Ninth Circuit Rule 39-1.6 deadlines to motions made pursuant to Rule 38 is consistent with the practice of

this court, and provides a clear deadline for litigants to seek such relief in this circuit. *See, e.g.*, *In re Hunt*, 238 F.3d 1098, 1101 n.2 (9th Cir. 2001) (noting that fees on appeal under Rule 38 "should be sought by timely motion filed under Ninth Cir. R. 39-1.6"); *In re Marquam Investment Corp.*, 959 F.2d 800 (9th Cir. 1992) (granting Rule 38 motion for sanctions filed 28 days after filing of opinion); *but see Sims v. Great-West Life Assurance Co.*, 941 F.2d 368, 372–73 (5th Cir. 1991) (holding that requests for damages for frivolous appeals pursuant to Rule 38 must be made within time limit for timely petition for rehearing under Rule 40).

Appellees filed the motion for sanctions on October 26, 2017, within the time prescribed by Ninth Circuit Rule 39-1.6. *See* 9th Cir. R. 39-1.6(a). Having concluded that the motion for sanctions is timely, we now turn to the merits of the motion. We have considered the motion and appellant's opposition thereto, and grant in part the motion for sanctions. Appellant's motion to strike the motion for sanctions is denied.

"An appeal is frivolous if the result is obvious or if the claims of error are wholly without merit." *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984). The court may in its discretion impose Rule 38 sanctions for a frivolous appeal against an appellant even if the appellant is proceeding pro se. *See Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990) (awarding damages under Rule 38 against pro se litigant as sanction for frivolous appeal).

In the instant matter, appellant sought review of the district court's post-judgment orders denying his various post-judgment motions, including motions for disqualification of the district judge, to void judgment, and for declaratory relief. The appeal of the district court's

orders was wholly without merit, and sought review of multiple district court orders over which this court lacked jurisdiction. Moreover, we note that the underlying district court action and burdensome post-judgment motions are part of appellant's ongoing efforts to alter or amend a bankruptcy court order entered on October 2, 1984, dismissing a Chapter 11 bankruptcy proceeding. *Cf. Trohimovich v. Comm'r of Internal Revenue*, 776 F.2d 873, 875 (9th Cir. 1985) (considering prior abusive conduct of litigants in the district court in awarding sanctions) *abrogated on other grounds by Nordvik v. Comm'r Internal Revenue Serv.*, 67 F.3d 1489, 1493 (9th Cir. 1995); *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (per curiam) (imposing sanctions after reviewing appellant's prior conduct in the district court and in filing multiple other cases). Accordingly, we exercise our discretion under Rule 38 and grant in part appellees' sanctions motion and award attorney's fees under Rule 38 for defending this appeal.

We refer the determination of an appropriate award of attorney's fees as damages under Rule 38 to this court's Appellate Commissioner, who shall conduct whatever proceedings he deems appropriate, and who shall have authority to enter an order awarding fees. *See* 9th Cir. R. 39.1.6. The Appellate Commissioner's order is subject to reconsideration. *Id.*

Appellees did not file a timely bill of costs in this appeal. *See* Fed. R. App. P. 39(d); 9th Cir. R. 39-1.1. Accordingly, we deny in part the motion for sanctions under Rule 38 with respect to appellees' request for double costs for this appeal.[1]

---

[1] If a Rule 38 motion includes a request for an award of double costs, the bill of costs underlying that request must be filed in this court in

We deny in part the motion for sanctions with respect to appellees' request for sanctions pursuant to 28 U.S.C. § 1927.

Appellees filed the motion for sanctions both in this appeal and in a related appeal, No. 16-55374. The motion for sanctions in appeal No. 16-55374 will be addressed by separate order in that docket.

**GRANTED in part; DENIED in part.**

---

compliance with the deadlines in Rule 39 and Circuit Rule 39-1. *See* Fed. R. App. P. 39(d) (bill of costs must be filed within 14 days after entry of judgment).