NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN LUNDSTROM, | No.   20-55002 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02856-GPC-MSB |
| v. | |
| CARLA YOUNG; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted April 15, 2021
Pasadena, California

Before:  M. SMITH and IKUTA, Circuit Judges, and STEELE,[**] District Judge.

Plaintiff-Appellant Brian Lundstrom (Lundstrom) appeals the district court's

dismissal of his First Amended Complaint against his ex-wife, Carla Young

(Young), and his employer, Ligand Pharmaceuticals Incorporated (Ligand), for lack

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

of subject matter jurisdiction under the *Rooker-Feldman* doctrine[1], failure to state a claim, and lack of Article III standing. Lundstrom argues that his claims do not amount to improper *de facto* appeals from orders from a Texas state court, that his claims fall within the extrinsic fraud exception to *Rooker-Feldman*, and that he has Article III standing.[2] Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

We have jurisdiction under 28 U.S.C. § 1291. "We review an application of the *Rooker-Feldman* doctrine *de novo*." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Whether subject matter jurisdiction exists is a question of law that we also review *de novo*. *Bidart Bros. v. Cal. Apple Comm'n*, 73 F.3d 925, 928 (9th Cir. 1996) (citation omitted). We also review *de novo* a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Rhoades v. Avon Prods.*, 504 F.3d 1151, 1156 (9th Cir. 2007).

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] Young seeks sanctions under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. We deny that request because this appeal does not present highly exceptional circumstances warranting sanctions, but instead involves complex issues relating to the *Rooker-Feldman* doctrine, the majority of which are meritorious. *See In re Westwood Plaza N.*, 889 F.3d 975, 977 (9th Cir. 2018) (quoting *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984)).

court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

We developed a two-part test to determine whether the *Rooker-Feldman* doctrine bars jurisdiction over a complaint filed in federal court. First, the federal complaint must assert that the plaintiff was injured by "legal error or errors by the state court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). Second, the federal complaint must seek "relief from the state court judgment" as the remedy. *Id.*

1.     In Claims 4 and 5, Lundstrom challenges Texas state court judgments directly, petitioning the district court to declare that a 401(k) Qualified Domestic Relations Order and a Stock Domestic Relations Order issued by a Texas state court are invalid. Counsel for Lundstrom conceded this during oral argument. Because Claims 4 and 5 meet the two-part test from *Kougasian*, the district court lacked jurisdiction to consider those claims under *Rooker-Feldman* and properly dismissed them. *See id.*

2. Lundstrom's remaining claims are not barred by *Rooker-Feldman*. The Supreme Court emphasized that *Rooker-Feldman* is a narrow doctrine, and courts should not construe it "to extend far beyond the contours of the *Rooker* and *Feldman* cases," because that would override "Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts" and supersede "the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." *Saudi Basic Indus. Corp.*, 544 U.S. at 283. Accordingly, *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name . . . [and] does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.* at 284. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* at 293 (cleaned up).

Lundstrom's remaining claims allege that Ligand and Young breached various fiduciary duties under ERISA and state law. Lundstrom seeks damages, equitable relief, and injunctive relief. These claims do not expressly seek "relief from the [Texas] state court judgment" or assert that Lundstrom was injured by an "error or errors by the [Texas] state court." *See Kougasian*, 359 F.3d at 1140. These claims

4

are independent, even though they "den[y] a legal conclusion that a state court has reached in a case to which [Lundstrom] was a party." *See Saudi Basic Indus. Corp.*, 544 U.S. at 293.

Therefore, the district court erred by dismissing Claims 1, 2, and 6 for lack of subject matter jurisdiction under *Rooker-Feldman*. The district court also erred by dismissing Claims 1, 2, 3, and 6 for failure to allege a "concrete or actual harm that is not barred by *Rooker-Feldman*." To the extent the district court alternatively dismissed Claim 3 on the merits, it erred by failing to address Lundstrom's claim that Ligand failed to comply with the procedural requirements in 29 U.S.C. § 1056(d)(3)(G)(i). The appellees waived any claim to the contrary by failing to respond to this argument in their briefing. *Moran v. Screening Pros, LLC*, 943 F.3d 1175, 1180 (9th Cir. 2019).

\* \* \*

We affirm the district court's dismissal of Claims 4 and 5 because those claims are barred under *Rooker-Feldman*.[3] We reverse the district court's dismissal of Claims 1, 2, 3, 6, 7, 8, and 9, and remand those claims to the district court to consider any other defenses, including claim and issue preclusion, in the first instance.

---

[3] Claim 4 should have been dismissed without prejudice because the district court lacked subject matter jurisdiction to consider it. *See Kelly v. Fleetwood Enters. Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). The district court shall enter an order reflecting a dismissal without prejudice on Claims 4 and 5.

The district court shall allow Lundstrom leave to amend his complaint. If the district court ultimately dismisses all of Lundstrom's federal claims, it need not exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**