**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONG PAE; SANG OK PAE, a man and wife; MEESON PAE YANG, an individual; SAMUEL S. LEE, an individual,<br><br>  Plaintiffs-Appellants,<br><br> v.<br><br>RECONTRUST COMPANY, N.A., a U.S. corporation and wholly-owned subsidiary of Bank of America Corporation; BANK OF NEW YORK MELLON CORP., commonly known as BNY Mellon, an American worldwide banking and financial service holding company; SAFEGUARD PROPERTIES MANAGEMENT, LLC, FKA Safeguard Properties, LLC, a Delaware limited liability company; STONECREST ACQUISITIONS, LLC, a California limited liability company; JOHN HOCHHAUSLER, an individual attorney; CORI B. JONES, an individual attorney; DOES, 1 through 250, inclusive; JON O. FREEMAN,<br><br>  Defendants-Appellees. | No.   22-55373<br>      22-55375<br>      22-55407<br><br>D.C. No.<br>2:21-cv-08898-MCS-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 19, 2023[]
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and R. BENNETT,[***] District Judge.

Plaintiffs Song Won, Sang Ok Pae, Meeson Pae Yang, and Samuel S. Lee appeal from the district court's order denying their motions for default judgment against Defendants Bank of New York Mellon Corporation (BNYM) and ReconTrust Company, N.A., dismissing their complaint with prejudice and without leave to amend, and granting Defendants Safeguard Properties Management, LLC, Stonecrest Acquisitions, LLC, and John M. Hochhausler's motions for sanctions. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court and caution Plaintiffs against wasting this court's and the parties' resources on such frivolous appeals. *See* Fed. R. App. P. 38; *see also In re Westwood Plaza N.*, 889 F.3d 975, 977 (9th Cir. 2018).

1. ***Due process.*** Plaintiffs were afforded due process where the district court held a hearing on the motions to dismiss and Safeguard's motion for sanctions and notified the Parties that it would decide the remaining motions without further

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

argument. The district court also considered Plaintiffs' untimely opposition briefs, and Plaintiffs declined to confer regarding Stonecrest and Hochhausler's motion for sanctions. In short, Plaintiffs' due process argument is belied by the record and clearly meritless. *See, e.g.*, *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) (rejecting due process argument that was "clearly contradicted by the record"); *Morrow v. Topping*, 437 F.2d 1155, 1156–57 (9th Cir. 1971) (per curiam) (holding that deciding motion without argument was not a denial of due process).

2. ***Dismissal and denial of default judgment.*** The district court did not err in dismissing Plaintiffs' complaint and denying their motions for default judgment where Plaintiffs' own caselaw is clearly contrary to their assertion that their RICO claim did not accrue until they discovered the alleged RICO pattern. *See Grimmett v. Brown*, 75 F.3d 506, 510–12 (9th Cir. 1996); *see also Pincay v. Andrews*, 238 F.3d 1106, 1109 n.3. (9th Cir. 2001). Plaintiffs' equitable tolling argument also fails where they point to no specific misconduct by Defendants justifying Plaintiffs' failure to timely bring their claims despite pursuing substantially similar claims in other actions over the past decade. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–05 (9th Cir. 2006) (affirming dismissal of time-barred claims and rejecting equitable tolling argument). And Plaintiffs do not otherwise present a specific argument that their claims—which, other than their RICO claim, they have already filed in their five previous lawsuits—are timely. *See*

*United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335 (9th Cir. 2017) (explaining that we will not consider arguments not raised specifically and distinctly on appeal). The district court acted within its authority in sua sponte dismissing Plaintiffs' complaint and denying the requested default judgment. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008) (holding that a court may dismiss a complaint against non-appearing defendants based on facts presented by other defendants); *see also Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (explaining district court may consider the sufficiency of the complaint in ruling on motion for default judgment).

3. **Sanctions.** Plaintiffs' arguments regarding sanctions are largely redundant of their arguments claiming the district court denied them due process and erred in dismissing their complaint, and we reject them for the reasons already discussed. *See Toth*, 862 F.2d at 1387. The district court's conclusions regarding the frivolousness of Plaintiffs' arguments and their litigation conduct are supported by the record and were proper considerations for imposing sanctions under Rule 11. *See* Fed. R. Civ. P. 11; *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016) ("District courts can use Rule 11 to impose sanctions on any party that files a [pleading, motion, or other paper] for an 'improper purpose' or

who does so without a legal or factual basis."). Further, Plaintiffs do not dispute the reasonableness of the fees.

**AFFIRMED.**