E-FILED
CNMI SUPREME COURT
E-filed: Nov 02 2023 05:10PM
Clerk Review: Nov 02 2023 05:10PM
Filing ID: 71294684
Case No.: 2022-SCC-0011-CIV
Judy Aldan





IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

IN THE MATTER OF THE ESTATE OF CONCEPCION FAISAO TUDELA,

*Deceased.*

**Supreme Court No. 2022-SCC-0011-CIV**

---

**ORDER DENYING MOTION TO DISMISS**

**Cite as: 2023 MP 11**

Decided November 2, 2023

———————

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
ASSOCIATE JUSTICE PERRY B. INOS

———————

Superior Court Civil Action No. 20-0116-CV
Associate Judge Joseph N. Camacho, Presiding

———————

CASTRO, C.J.:

¶ 1      This appeal arises from probate proceedings of the Estate of Concepcion Faisao Tudela. Pro se Appellant Ivan-Rufo Faisao Tudela ("Tudela"), son of the decedent and named heir in her will, appeals the trial court's order denying his objection to remove the administrator, Appellee Herman Sablan ("Sablan"), and the estate's attorney, Anthony Aguon ("Aguon").

¶ 2      Sablan moves to dismiss on the basis that we lack jurisdiction over this appeal. He also argues that the appeal is frivolous and requests sanctions awarding him his costs and attorney's fees. For the following reasons, we DENY the Motion to Dismiss. The appeal is not frivolous, and we decline to impose sanctions against Tudela.

## I. FACTS AND PROCEDURAL HISTORY

¶ 3      Milne, Inc., the decedent's lessee, petitioned to admit the decedent's will in probate and to appoint a company representative as an executrix because individuals nominated in the will were residing outside the Commonwealth and unavailable. The court instead appointed one of the decedent's sons, Rufino Edward Faisao Tudela ("Rufino"), conditional upon his finding an attorney to represent the Estate. When he did not secure counsel, the court removed him and appointed Teresita DeLeon Guerrero ("Guerrero") as administratrix.

¶ 4      After an evidentiary hearing in August 2020, the court issued an order denying Tudela's contest to the validity of the decedent's will. Appellee's Ex. B. Tudela failed to file a notice of appeal within thirty days of this order. *See* NMI SUP. CT. R. 4(a)(1).[1]

¶ 5      In 2022, Guerrero withdrew as administratrix. Mar. 31, 2022 Hr'g Tr. at 25–26. "To avoid the Probate Action being 'rudderless'," the court appointed Sablan as administrator. *In re Estate of Tudela*, No. 20-0116 (NMI Super. Ct. Apr. 5, 2022) (Minute Order at 3). The court ordered that:

> Any objection to Mr. Sablan's appointment shall be filed within 10 days of this Order otherwise the appointment shall be permanent. Unsupported allegations and personal attacks are not grounds for Mr. Sablan's removal. If necessary, the Court may set a hearing to take up objections, or may decide the matter based on the filings, if any.
> *Id.*

---

[1]    Tudela appears to reassert challenges to the validity of the will. *See, e.g.*, "Docketing Statement of Declaration" at 4 (July 18, 2022) ("By far not to compare to what this fake Will made in coercion and fraud with intent to commit.") (emphasis removed). Because Tudela failed to timely file a notice of appeal, we lack jurisdiction to hear challenges under that order. *See ANZ Guam, Inc. v. Lizama*, 2014 MP 11 ¶ 10 (stating that the Court must address jurisdictional issues before considering the merits of an appeal).

¶ 6    Tudela timely objected to Sablan's appointment and Aguon's role as counsel for the estate.[2] After reviewing the objections, the court found "no legal or factual grounds . . . that warrant[] the removal of Mr. Herman Sablan as well as Attorney Anthony Aguon." *In re Estate of Tudela*, No. 20-0116 (NMI Super. Ct. Apr. 19, 2022) (Order Finding No Grounds for Removal of Administrator Sablan and Attorney Aguon at 2) ("April 19 Order"). The court determined that both Sablan and Aguon would continue in their respective roles. *Id*. Tudela timely appeals.

¶ 7    Tudela submitted his opening brief on January 3, 2023.[3] On February 2, 2023, Sablan moved for dismissal and sanctions under NMI Supreme Court Rule 38. We suspended the briefing schedule pending the disposition of the motion to dismiss.

## II. JURISDICTION

¶ 8    We have jurisdiction to hear final judgments and orders of the Commonwealth Superior Court. NMI CONST. art. IV, § 3. *See Commonwealth v. Hasinto*, 1 NMI 377, 381–85. We also have jurisdiction over orders or refusals to grant or revoke letters testamentary or of administration under 8 CMC § 2206.

## III. DISCUSSION

¶ 9    Sablan moves to dismiss Tudela's appeal, arguing that we lack jurisdiction because the April 19 Order is not a final order, nor is it appealable under 8 CMC § 2206. Appellee's Mot. to Dismiss at 3. He also argues that the appeal is frivolous and requests that we sanction Tudela under NMI Supreme Court Rule 38. We first address whether the order is final for purposes of appellate jurisdiction and whether it is appealable under Section 2206. We then consider whether the appeal is frivolous or warrants sanctions.

### A. Whether the April 19 Order is Final.

¶ 10    A final judgment or order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Chan v. Chan*, 2003

---

[2]    Tudela expressed concerns regarding Sablan's appointment and alleged, again, that the decedent's will was invalid. He accused Aguon and other individuals of fraudulent behavior towards the estate. In particular, Tudela alleged that Sablan may not "act in the best interests of beneficiaries" and that his "relationship with Milnes and Mr. Juan Tudela Lizama will be biased." *In re Estate of Tudela*, No. 20-0116 (NMI Super. Ct. Apr. 12, 2022) (Tudela's Opposition at 2). Additionally, Tudela accused Aguon of refusing to communicate with the decedent's family, withholding funeral expenses, and forging the executrix's signature. *Id.* Tudela also accused the decedent's daughter of intending to defraud the heirs and beneficiaries, and Milne, Inc. of using the probate action to cover up missing payments owed to the decedent. *Id.*

[3]    Prior to filing his brief, Tudela submitted numerous pleadings before this Court, including a "Motion to Consider the Notice of Appeal," a "Motion on Grounds for Judgment to be Set Aside," a "Motion to Consider," and a writ of certiorari, all of which have been denied. A status conference was also held, after which we granted Tudela leave to file a certified transcript.

MP 5 ¶ 13 (quoting *Tanki v. S.N.E. Saipan Co.*, 4 NMI 69, 70 (1993)). Here, the April 19 Order is not final—the order merely rejects Tudela's repeated objections. The order states:

> The unsupported allegations as alleged by Ivan Rufo Faisao Tudela's Response lacks any supporting documents. The allegations of misconduct, theft, life, deceive, etc. many of these has been raised and addressed at the beginning of probate.
> April 19 Order at 1.

The order also specifies that Sablan and Aguon "shall continue" as administrator and attorney. *Id.* at 2. Furthermore, the order does not determine the administrator fee, as that "will be addressed at the Final Distribution of the probate." *Id.* at 1. Use of the language indicating a continuation of the litigation and reference to future proceedings is inconsistent with any determination that the order is final. In effect, the order is interlocutory in nature and fails to meet the requirements of a final order.

### B. Whether a Denial to Remove the Administrator or Estate Attorney is an Appealable Interlocutory Order.

¶ 11    We next ask whether the April 19 Order is appealable under 8 CMC § 2206. Sablan contends that the order "does not grant or revoke any letters testamentary or of administration or fall under any of the other" exceptions to the final judgment rule in probate cases. Appellee's Mot. To Dismiss at 3. Specifically, he asserts that Section 2206 fails to "provide an exception for appealing an order that overrules an heir's objections." *Id.*

¶ 12    Generally, an interlocutory order is not appealable "unless expressly permitted by statute, rule, constitutional provision or other recognized common law doctrine." *Friends of Marpi*, 2012 MP 9 ¶ 1. For interlocutory appeals of probate matters, we are guided by 8 CMC § 2206. When interpreting a statute, "we give the statute its plain language, where the meaning is clear and unambiguous." *Aurelio v. Camacho*, 2012 MP 21 ¶ 15 (internal quotation marks omitted). "Only when such statutory language is unclear will the Court's analysis venture outside the plain wording of the statute." *Oden v. N. Marianas Coll.*, 2003 MP 13 ¶ 10

¶ 13    Appellee correctly notes that an order refusing to remove counsel from representing an estate is not enumerated in Section 2206. However, the same is not true for an order refusing to remove an administrator or executor. The statute is clear: "[a]n appeal may be taken from an order granting or revoking letters testamentary or of administration," including from an order "*refusing to make any order mentioned in this section*." 8 CMC § 2206 (emphasis added). The court's order found "no legal or factual grounds" warranting Sablan's removal. April 19 Order at 2. By denying Tudela's objections, the court refused to revoke Sablan's appointment, making the order appealable under Section 2206.

¶ 14    We reached a similar conclusion in *Malite v. Tudela, et al.*, 2007 MP 3. In that case, we found jurisdiction under Section 2206, holding that the court's

refusal to issue a temporary restraining order disgorging attorney's fees was an appeal taken from the refusal of an order "directing or allowing the payment of a debt, claim, legacy, or attorney's fee" as defined under the statute. *Id.* ¶ 12 (quoting 8 CMC § 2206). In effect, the order "amounted to a payment of an estate claim, *or in the alternative* a refusal to make an order" *Id.* (emphasis added). Although the order in question relates to the revocation of a letter of administration rather than the payment of a claim, in both cases the refused order is among those listed in Section 2206, making the decision appealable. We, therefore, reject the claim that the order is outside the scope of Section 2206. An order refusing to remove an administrator or executor is appealable.

### C. Whether Tudela's Appeal is Frivolous as Filed.

¶ 15 Sablan next argues that the appeal is frivolously filed because it is both devoid of factual and legal arguments and concerns an order he alleges is not appealable. He also moves to sanction Tudela for the same reasons. We first address whether the appeal is frivolous before turning to whether sanctions are warranted.

¶ 16 Relevant to this motion, an appeal can be deemed frivolous if either "a court lacks jurisdiction" or it presents "no justiciable question." *Commonwealth v. Sablan*, 2016 MP 12 ¶ 7 (citing *Beachboard v. United States*, 727 F.2d 1092, 1094–95 (Fed. Cir. 1984)); *Commonwealth v. Kawai*, 1 NMI 66, 72 n.4 (1990). The order that Tudela appeals is subject to our jurisdiction under Section 2206. Therefore, the appeal is not frivolous on jurisdictional grounds.

¶ 17 However, whether Tudela's various submissions to this Court, including his opening brief, present a justiciable question requires some discussion. An appeal lacking a justiciable question is frivolous if it "is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed." *Kawai*, 1 NMI at 72 n.4 (citing BLACK'S LAW DICTIONARY, 601 (5th ed. 1979)). Although on its face the appeal presents a justiciable question—whether the trial court should have revoked Sablan's appointment—Tudela's opening brief is devoid of merit and fails to raise any articulable legal or factual argument.[4] Substantively, at this juncture, Tudela's appeal is meritless.

---

[4] Despite this Court's best efforts, Tudela's submissions in support of his appeal are, at best, difficult to understand, and at worst, incoherent and immaterial. *Compare* "The self-portrait of power of a person's life of its totalitarian management of the conditions of existence from Anthony H[sic] Aguon, Estate Attorney and Herman P[sic] Sablan, recently appointed Executor including the names and unnamed Investigator[sic] involved of its holdings communication of reasons 'conflict of interest.'" In Opposition to Appellees' Motion at 2, *with* "That exposes many of the injustices of inheritance law as well as in its customary law of bloodline of its practice against culture by novel of their oral traditions by contrasts of its purpose based on the 'Inheritance Law In Uganda: The Plight of Widows and Children.'" *Id*. at 10. The Court cannot aid appellant nor respond to unintelligible arguments. *See, e.g.*, *Clayton v. Trotter*, 796 P.2d 262, 266 (N.M. Ct. App. 1990) (finding an appellant's arguments unascertainable even though the court reviewed the complaint to the best of its ability).

¶ 18 Because we have not addressed whether lack of merit is sufficient reason to find an appeal frivolous under Rule 38, we look to federal caselaw for guidance.[5] The Fifth Circuit, for example, has held that while "an appeal that lacks merit is not always—or often—frivolous[,]" sanctions can be imposed for sufficiently meritless appeals. *Crain v. Comm'r*, 737 F.2d 1417, 1418 (5th Cir. 1984). In *Crain*, the appellant challenged the Tax Court's constitutionality, authority, and jurisdiction over his claim to levy taxes against his income. *Id.* at 1417. The appellee sought sanctions under 26 U.S.C. § 6673 and Rule 38. *Id.* at 1418. After rejecting the appellant's argument, the court was then tasked with determining whether the appeal was frivolous. It found that while the appeal was not frivolous, "[i]t [was] a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of "adjudicating" this meritless appeal." *Id.* The court granted appellee's request for sanctions, which included double costs of the appellant's appeal and an additional damage award of $2,000. *Id.*

¶ 19 The Ninth Circuit has found that an "appeal is frivolous if the results are obvious or the arguments of error are wholly without merit." *Tuli v. Charter Pac. Bank (In re Tuli)*, 1994 U.S. App. LEXIS 1909 at *4–5 (9th Cir. 1994); *Erde v. Bodnar (In re Westwood Plaza N.)*, 886 F.3d 1296, 1299 (9th Cir. 2018); *see also Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 691 (7th Cir. 2018) (explaining that an appeal is frivolous if its arguments are merely cursory, wholly undeveloped, or simply reasserting previously rejected facts) (citations omitted); *Berwick Grain Co. v. Illinois Dept. of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000) (finding that an appeal is frivolous if it rehashes positions the trial court rejected or when the present arguments lack substance and are "foreordained" to lose) (citations omitted).

¶ 20 Tudela's appeal, at this juncture, is clearly without merit—it contains an illustrious array of unsupported accusations against Sablan and Aguon and points to no factual or legal basis to justify reversing the trial court's order. While we recognize the challenges pro se litigants encounter as they navigate a legal system on their own, "[t]heir pro se status does not excuse failure to comply with our Rules." *Villagomez v. Sablan*, 4 NMI 396, 398 (1996). Tudela's opening brief fails to comply in both form and substance with the standard of appellate briefs before this Court. Despite the lack of merit exhibited to date in this appeal, we must weigh heavily the fact that Tudela's argument presents a justiciable question beneath the personal attacks against Appellees, rambling arguments, and non-sequiturs. While this appeal borders on frivolous, the deficiencies in the opening brief and various other motions are not incurable, and could be corrected

---

[5] *See Commonwealth v. Palacios*, 2003 MP 6 ¶ 9 (stating that when a Commonwealth rule is substantially similar to a federal rule, consulting the interpretation of the federal counterpart is appropriate). *Compare* FED R. APP. P. 38 *with* NMI SUP. CT. R. 38.

by diligent research and genuine argument. At this early stage in the briefing schedule, we decline to find that the appeal is wholly frivolous.

*D. Sanctions.*

¶ 21    Because we find the appeal not frivolous, the request to sanction Tudela under Rule 38 must be denied. However, Rule 38 is not the only avenue by which a party before this Court may be sanctioned. Our Rules put parties on notice that they may be sanctioned for "unreasonably and vexatiously increasing litigation costs by including unnecessary and duplicative materials in the appendices," NMI SUP. CT. R. 30(b)(3); or for filing a brief "not in substantial conformity" with our Rules. NMI SUP. CT. R. 32(i). In fact, non-compliance with any of our Rules may lead to sanctions if we deem them appropriate. NMI SUP. CT. R. 45-1(c)(2).

¶ 22    This Court has never imposed sanctions against a pro se appellant.[6] The closest we have come to doing so occurred in *Palacios v. Yumul*, 2012 MP 14. In that case, the appellant "use[d] much of his petition to express his frustration over the Court's ultimate conclusion" and the petition "lacked any persuasive legal argument, which raise[d] the issue of sanctions." *Id.* ¶ 11. We also considered sanctioning the appellant because "[t]he writing style . . . appear[ed] to indicate the handicraft of a lawyer." *Id.* at ¶ 11 n.3. Ultimately, we declined to impose sanctions "because he raise[d], though in a conclusory manner, one colorable argument about transcripts." *Id.* at ¶ 11. Here, Tudela's submissions have repeated his frustrations over the decision to appoint Sablan and retain Aguon as the estate's counsel. Time and again, Tudela has raised the same unsubstantiated claims of fraud, deceit, and misrepresentation against Appellees and former attorneys who participated in these probate proceedings.[7] Unlike *Palacios*, Tudela has failed to present any factual or legal argument in support of his appeal.

¶ 23    Because we have found that his appeal is not frivolous and have never before sanctioned a pro se appellant, we will allow Tudela one last chance to present written arguments before this Court in his reply brief. Further personal

---

6    At worst, we have admonished a pro se appellant by dismissing their appeal for failure to comply with procedure. *Villagomez*, 4 NMI at 398–99 (dismissing the case after pro se appellants repeatedly failed to produce a certified transcript despite receiving numerous opportunities to cure past failures).

7    *See, e.g.*, "To continue on false misrepresentation, purposefully, knowingly failing to disclose a material fact committing a fraudulent practice "through fraudulent means" working on behalf of Mr[sic] Juan Tudela Lizama, an attorney at law, who chose Herman P[sic] Sablan to be the Executor . . . ." Motion to Consider for Summary Judgment or Disposition of Appellee's Claim To Rule 38 Frivolous Appeal-Damages And Cost, Pursuant to Rule31-1(a)(1)(A)(i) at 4; "Mr[sic] Aguon for misappropriating and converting someone else's money, goods, or any other personal property by definition the Estate funds . . . Herman P Sablan . . . [t]o continue on false misrepresentation, purposefully, knowingly failing to disclose a material fact committing a fraudulent practice . . . ." In Opposition to Appellee's Request Of A Motion For An Automatic Extension Of Time at 2.

attacks directed towards Sablan, Aguon, or any other individual will be grounds for sanctions and a finding that his appeal is frivolous, or grounds for dismissal. *See Villagomez*, 4 NMI at 398–99.

### IV. CONCLUSION

¶ 24     For the foregoing reasons, we DENY Sablan's motion to dismiss. We have jurisdiction to hear this appeal under Section 2206. The appeal is not frivolous because it presents a justiciable question on its face. We decline to sanction Tudela, allowing him to submit a written reply brief in conformance with our Rules. The stay on the briefing schedule in the underlying appeal is hereby lifted. Sablan shall have thirty days from the date of this order to submit his response brief.

SO ORDERED this 2nd day of November, 2023.

/s/
ALEXANDRO C. CASTRO
Chief Justice

/s/
JOHN A. MANGLOÑA
Associate Justice

/s/
PERRY B. INOS
Associate Justice

### COUNSEL

Ivan-Rufo Faisao Tudela, Pro Se Plaintiff-Appellant.

Anthony H. Aguon, Saipan, MP, for Defendant-Appellee.

### NOTICE

*This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In any event of discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, e–mail Supreme.Court@NMIJudiciary.gov.*